UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-CV-10336-RWZ

MARK STEPHEN TAYLOR

v.

KILOLO KIJAKAZI,
Commissioner of Social Security

MEMORANDUM & ORDER

February 22, 2023

ZOBEL, S.D.J.

Mark Stephen Taylor ("Plaintiff") filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") on February 8, 2019, alleging a disability onset date of January 1, 2014. R. 172-184.[1] His claims were denied in May 2019 and again upon reconsideration in September 2019. R. 12. Administrative Law Judge ("ALJ") Jason A. Miller held a hearing in July 2020 after which he found Plaintiff was not disabled and could perform "jobs that exist in significant numbers in the national economy." R. 12-28. The Appeals Council denied Plaintiff's request for review of the ALJ decision, which then became the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), subject to judicial review. R. 1. Plaintiff moves for summary judgment to vacate the Commissioner's decision on the grounds that the ALJ erred by (1) rejecting Plaintiff's subjective complaints of limitation and (2) impermissibly interpreting "bare medical records" that postdated the opinions of the non-

---

[1] "R." refers to the administrative record, filed in this matter at Docket # 10.

1

examining review physicians. Docket ## 12-13. Defendant simultaneously moves for an order affirming his decision. Docket ## 15-16. Plaintiff's motion for summary judgment is denied and Defendant's motion to affirm is allowed.

## I. Standard of Review

The Commissioner's final decision, upholding the ALJ's findings of fact, is conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Further, resolving credibility issues "and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)). Questions of law are reviewed *de novo*. Seavey, 276 F.3d at 9.

## II. Discussion

### A. Plaintiff's subjective complaints

Plaintiff argues that the ALJ erred in rejecting his subjective complaints of limitation. The social security regulations require an ALJ to evaluate a plaintiff's subjective complaints pursuant to a two-step process. See 20 C.F.R. § 404.1529. First,

2

the ALJ determines whether the plaintiff has a "medically determinable impairment that could reasonably be expected to produce [the] symptoms." 20 C.F.R. § 404.1529(b); see also Brown v. Colvin, 111 F. Supp. 3d 89, 99 (D. Mass. 2015). The ALJ next considers the "intensity and persistence of [the] symptoms" to determine "the extent to which [the] symptoms limit [Plaintiff's] capacity for work." 20 C.F.R. § 404.1529(c); see also Brown, 11 F.Supp.3d at 99. That determination "must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific and clear to any subsequent reviewer." Dias v. Colvin, No. 15-CV-13003-ADB, 2018 WL 988053, at *12 (D. Mass. Feb. 20, 2018) (citing 20 C.F.R. § 404.1529(c)(3)). The "ALJ's evaluation of complaints of pain" are given "particular attention" due to the "subjective nature" of the complaints and the ALJ's ability to "personally observe[] [the] claimant at the hearing." See Falcon-Cartagena v. Comm'r of Soc. Sec., 21 F. Appx. 11, 13 (1st Cir. 2001).

ALJ Miller found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." R. 22. He explained in great detail the specific reasons for his credibility determination, including the inconsistencies between Plaintiff's subjective testimony and the evidence of his course of treatment, the objective medical findings, Plaintiff's daily activities, and the agency assessments. R. 20-25. His credibility determination was based on substantial evidence.

B.   **Interpretation of Plaintiff's Medical Records**

Plaintiff also asserts that the ALJ erred because he impermissibly interpreted "bare medical findings" and deviated from the state agency physicians' assessments when he found "additional severe impairments and assessed limitations." Docket # 13 at 14-15. Although an ALJ may not "assess residual functional capacity based on a bare medical record," he can "render[] common-sense judgments about functional capacity based on medical findings," "as long as [he] does not overstep the bounds of a lay person's competence and render a medical judgment." Gordils v. Sec'y of Health & Hum. Servs., 921 F.2d 327, 329 (1st Cir. 1990); see also Pereira v. Berryhill, No. CV 16-11855-FDS, 2017 WL 3567515, at *8 (D. Mass. Aug. 17, 2017) (quoting Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996)) ("'Where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render commonsense judgment about functional capacity even without a physician's assessment,' as long as the ALJ does not overstep the bounds of a lay person's competence and render a medical judgment.").

The medical records at issue here include treatment notes and MRI results related to Plaintiff's shoulders. Docket # 13 at 15; R. 451-456. The records demonstrate that the Plaintiff was not referred for surgery and that his shoulders had full range of motion, no deformity, no swelling, and no instability. R. 25, 451-456. These records did not require the ALJ to "overstep the bounds of a lay person's competence." Pereira, 2017 WL 3567515, at *8. Instead, the medical evidence showed "relatively little physical impairment," and allowed the "ALJ [to] permissibly [] render commonsense judgment about functional capacity." Id. ALJ Miller was able to review those medical findings, along

4

with "all of the relevant medical and other evidence" to render the "commonsense judgment[]" that "additional functional restrictions [were] merited." 20 C.F.R. §§ 404.1545(a)(3); Gordils, 921 F.2d at 329; R. 25. The ALJ's residual functional capacity determination was supported by substantial evidence.

## III. Conclusion

Plaintiff's Motion for Summary Judgment (Docket # 12) is DENIED and Defendant's Motion to Affirm (Docket # 15) is ALLOWED. Judgment may be entered accordingly.

2/22/23
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE